# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MARYAM SHAHBAZIAN,     \*
    \*    No. 18-1580V
         Petitioner,    \*    Special Master Christian J. Moran
    \*
v.     \*    Filed: September 29, 2021
    \*
SECRETARY OF HEALTH    \*    Attorneys' Fees and Costs
AND HUMAN SERVICES,    \*
    \*
         Respondent.    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Bridget C. McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Maryam Shahbazian's motion for final attorneys' fees and costs. She is awarded **$35,476.16**.

\*    \*    \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On October 11, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on October 24, 2016, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer from transverse myelitis. Petitioner further alleged that she suffered the residual effects of this injury for more than six months. On October 16, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on October 19, 2020. 2020 WL 6707635 (Fed. Cl. Spec. Mstr. Oct. 19, 2020).

On February 2, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $20,164.30 and attorneys' costs of $15,470.71 for a total request of $35,635.01. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. On February 2, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

2

required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel, Ms. Bridget McCullough: $225.00 per hour for work performed in 2018 and 2019, $250.00 per hour for work performed in 2020, and $275.00 per hour for work performed in 2021. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to petitioner's counsel at Muller Brazil, LLP for her Vaccine Program work. See, e.g. Hettish v. Sec'y of Health & Human Servs., No. 18-1270V, 2021 WL 2458368 (Fed. Cl. Spec. Mstr. May 17, 2021). Accordingly, the requested hourly rates are reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $20,164.30.

C. <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $15,470.71 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioner's medical expert, Dr. Sami Khella, and petitioner's life care planner, Ms. Roberta Hurley.

Dr. Khella is a neurologist with prior Vaccine Program experience who billed his time at $500.00 per hour for 7.2 hours for a total of $3,600.00 to review the medical records and submit a brief opinion letter. This rate is consistent with what Dr. Khella has previously been awarded for his Vaccine Program work. <u>See, e.g.,</u> <u>Polzin v. Sec'y of Health & Human Servs.</u>, No. 16-598V, 2018 WL 3991269, at *2 (Fed. Cl. Spec. Mstr. Jul. 26, 2018); <u>Hall v. Sec'y of Health & Human Servs.</u>, No. 16-681V, 2017 WL 6949679 (Fed. Cl. Spec. Mstr. Dec. 15, 2017).

Petitioner also requests a total of $10,274.32 for work performed by her life care planner, Ms. Roberta Hurley. Ms. Hurley's hourly rate of $125.00 per hour is consistent with what the undersigned and other special masters have previously awarded her, and her hours billed are also reasonable. <u>See</u> <u>Kreten v. Sec'y of Health & Human Servs.</u>, No. 15-504V, 2018 WL 6819553, at *4 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). The only reduction necessary is for Ms. Hurley's airfare incurred as part of a site visit. The billing records indicate that Ms. Hurley few via Delta Airlines in Delta Comfort+ seating. Fees App. at 45. However, the Vaccine Program does not compensate petitioners for upgraded travel methods for themselves, their counsel, or their experts. <u>See</u> <u>Tetlock v. Sec'y of Health & Human Servs.</u>, No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017); <u>Digerolamo v. Sec'y of Health & Human Servs</u>. No. 16-920V, 2019 WL 4305792, at *5 (Fed. Cl. Spec. Mstr. Jun. 28, 2019). The undersigned will reduce the airfare by 25% to account for this issue, a reduction of $158.85.

Petitioner is therefore awarded final attorneys' costs of $15,311.86.

E. <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$35,476.16** (representing $20,164.30 in attorneys' fees and $15,311.86 in attorneys' costs) as a lump sum in

the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Bridget McCullough.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.